**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

IN RE:

**STUART ELVERSON WALTERS,**                    Case No. 04-74203

    **Debtor**

**DECISION AND ORDER**

At Roanoke in said District this 22nd day of March, 2006:

The matter before the court arises as a result of a claim by the debtor for exemption of proceeds, pursuant to Code of Virginia, § 34-28.1,[1] from a settlement made by the trustee in bankruptcy of a state court lawsuit pending at the time of the filing of the petition by the debtor against Media General Communications, Inc., et al for libel.[2]

**Facts:**

There is no factual dispute for decision by the court. The debtor filed a Chapter 13 proceeding in this court. The defendants in the state court libel action removed the state court action to the bankruptcy court for determination. Eventually, the debtor converted his Chapter 13 proceeding to a Chapter 7 proceeding and a Chapter 7 trustee was appointed. The Chapter 7 trustee negotiated a settlement with the state court defendants in the amount of $5,000.00 and this compromise of the claim was approved by the court after notice and hearing.

The debtor properly scheduled and claimed as exempt in his schedules the claim

---

[1] *Virginia Code, § 34-28.1.* Personal injury and wrongful death actions exempt; exceptions. "[A]ll causes of action for personal injury . . . and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person . . . ."

[2] News Channel 10 and four of its employees were sued.

he asserted in the state court for libel. The amount of the claim was quantified by the Chapter 7 trustee's settlement of it for $5,000.00 and the debtor claims that those settlement proceeds are distributable to him as exempt property.[3] The Chapter 7 trustee objected to the claim of exemption but did not provide the court with any authority to support his position. The debtor, on the other hand, supported his claim for exemption by citing the court to case law which he asserts interprets Virginia law to include as a personal injury his claim for libel in the state court action.[4]

## Discussion:

Debtor's counsel cites the court to In Re Webb, 210 B.R. 266, (Bankr. E.D. Va. 1997), *affirmed* at 214 B.R. 553 (Bankr. E.D. Va. 1997), for the proposition that personal injury encompasses his cause of action for libel, malice and negligence. At the bankruptcy court level in Webb, Judge Mitchell pointed out that the Virginia legislature has not defined what constitutes personal injury in Virginia and concluded that the General Assembly intended that the term "personal injury" have its normal everyday meaning. Webb at page 271. The court then looked to Black's Law Dictionary and Webster's Dictionary for the everyday meaning of the term "personal injury." Black's Law Dictionary defines "personal injury", in part, as follows:

---

[3] In his Schedule C, the debtor listed the amount of the claimed exemption as unknown. There is no statutory limit on the amount of the exemption that can be claimed. Perfection of an exemption claimed under § 34-28.1 does not require a homestead deed or any other action by the debtor.

[4] The factual allegations in the state court action for libel, malice and negligence by the debtor centered on an August 25, 2003 broadcast on News Channel 10 titled "On Your Side Consumer Alert." The debtor asserted that the television station and its reporters made false statements concerning the debtor's remodeling business known as Walters & Sons Remodeling. The state court action further asserted that as a result of these false statements, the debtor suffered permanent and actual damages "including but not limited to impairment of reputation, diminished standing in the community, personal humiliation, loss of income, mental anguish and suffering."

> But the term is also used (usually in statutes) in a much wider sense and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment and mental suffering.

Judge Mitchell also consulted Webster's Collegiate Dictionary to determine the definition of the components of the phrase "personal injury." *Id.* at 271.

In construing Section 34-28.1, Judge Mitchell concluded that he needed to give vitality to the principles of interpreting Virginia exemption statutes liberally in favor of the debtor and giving plain meaning to the wording used by the General Assembly. In applying these principles, he determined that the Virginia Code contains no language which limits the dollar amount of the claimed exemption or specifically restricts it to bodily injury. *Id.* at 272. Finally, Judge Mitchell set forth the Virginia law as to damages recoverable for personal injury. These include compensation for bodily injuries, physical pain and mental anguish, disfigurement or deformity, inconvenience, both past and future, medical expenses, earnings lost, loss of earnings and lessening of earning capacity, and property damage. *Id.* at 273.

On appeal to the District Court, Judge Ellis analyzed Code Section 34.28-1 by application of Virginia's "mischief rule" of statutory construction. In Re Webb, 214 B.R. 553, 556 (E.D. Va. 1997). In setting forth the "mischief rule", Judge Ellis stated that it is "a rule based on the principles that statutes should be construed to accomplish their purpose. According to the rule, statutory purpose is ascertained by examining 'the common law before the making of the Act' to find the 'mischief and defect for which the common law did not provide,' which, because it is '[t]he true reason for the remedy,' elucidates the breadth or scope of the 'remedy,'. *Id.* at 556. Judge Ellis found that the mischief to be remedied by the statute was that the

common law did not exempt personal injury actions or potential recoveries from the bankruptcy process.

The Webb case involved a Title VII action by an individual against a former employee. In the case at bar, the cause of action asserted by the debtor in state court was for libel, malice and negligence. Thus, the cases are factually distinguishable. However, the analysis used by both Judge Mitchell and Judge Ellis is equally applicable in the case at bar. A liberal interpretation of the plain meaning of Virginia Code Annotated, § 34-28.1, and an examination of the common everyday definition of "personal injury" as found in both Black's Law Dictionary and Webster's Dictionary brings the claim by the debtor in state court for libel, malice and negligence within the definition of "personal injury" as that term is plainly set forth in section 34-28.1 of the Code of Virginia. As stated by Judge Ellis, "[A]s evidenced by legislative history, the statute was apparently designed to reflect the policy of Virginia Code § 8.01-26, such that all actions for personal injury unassignable under § 8.01-26 are likewise exempt from creditor process under § 34.28.1." *Id.* at 556.

### Conclusion:

This court finds that the plain meaning of Virginia Code Annotated, § 34-28.1, and a liberal construction of said Code section pursuant to principles for liberal construction of exemption statutes in favor of debtors brings the exemption claim of the debtor within the definition of "personal injury" and proceeds derived from a court award or settlement. Accordingly, it is

### ORDERED:

That the trustee's objection to the claim of exemption by the debtor in the

proceeds of the settlement of the state court action for libel, malice and negligence is **OVERRULED** and the trustee shall set aside to the debtor as exempt property the settlement proceeds paid to him to settle the removed state court action.

        Copies of this order are directed to be mailed to George I. Vogel, II, Esquire, Trustee; and to Darren T. Delafield, Esquire, counsel for the debtor.

                                                                                  _____
                                                                                   Ross W. Krumm
                                                                                   U. S. Bankruptcy Judge